**FILED**

VANESSA L. ARMSTRONG, CLERK

DEC 2 1 2016

**U.S. DISTRICT COURT**
**WEST'N. DIST. KENTUCKY**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                                       CRIMINAL NO. 3:16-cr-164-R

KYLE WILLETT                                               DEFENDANT

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United

States of America, by John E. Kuhn, Jr., United States Attorney for the Western District of

Kentucky, and defendant, Kyle Willett, and his attorney, Brian Butler, have agreed upon the

following:

1.      Defendant agrees to waive Indictment by the grand jury and to plead guilty to a

felony Information which will be filed against defendant by the United States Attorney for the

Western District of Kentucky.  That Information will charge defendant with a violations of Tile

18, United States Code, Section 659 (Theft from Interstate Shipment)

2.      Defendant has read the charges against him contained in the Information, and

those charges have been fully explained to him by his attorney.  Defendant fully understands the

nature and elements of the crimes with which he has been charged.

3.      Defendant will enter a voluntary plea of guilty to Count 1 in this case.  Defendant

will plead guilty because he is in fact guilty of the charge.  The parties agree to the following

factual basis for this plea:

Louisville Metropolitan Police Department Detective Kyle Willett did steal cash from a

United ~~States~~ Parcel shipping sorting facility in Louisville, Kentucky, while working a drug

interdiction task force officer.   From January 2016 through August 2016, Willett while working as an interdiction task force officer would identify UPS packages that he identified as possible containing cash.   He would then take the package to his vehicle and open it.   On a number of occasions, he then stole the contents of the package.   During this period, he stole approximately $74,745.99.

4.   Defendant understands that the charge to which he will plead guilty carries a maximum term of imprisonment of 10 years, a maximum fine of $250,000, and a three-year term of supervised.  Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583.  Defendant understands that as a result of the charge to which he will plead guilty he may be ordered to forfeit proceeds traceable (directly and indirectly) to such violation, including but not limited to: a) $72,000 in United States Currency; b)   $520.00 in United States Currency; and c)  $2,225.99 in United States Currency.

5.   Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release.  §§5D1.1, 5D1.2, 5D1.3.

6.   Defendant understands that by pleading guilty, he surrenders certain rights set forth below.  Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

A.   If defendant persists in a plea of not guilty to the charge[s] against him, he has the right to a public and speedy trial.  The trial could either be a jury trial or a trial by the judge sitting without a jury.  If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty

2

or not guilty.  The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

      B.      At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant.  Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.  In turn, defendant could present witnesses and other evidence in his own behalf.  If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

      C.      At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify.  If defendant desired to do so, he could testify in his own behalf.

7.      Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing.  Defendant admits all acts and essential elements of the indictment counts to which he pleads guilty.

8.      Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount $100 per count for felony offenses involving individuals of $100 to the United States District Court Clerk's Office by the date of sentencing.

9.      At the time of sentencing, the United States will

-recommend a reduction of 2 [3] levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a) [and (b)], provided the defendant does not engage in future conduct which violates any federal or state law, violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility.  Should such conduct occur and the United States, therefore, opposes the reduction for acceptance, this plea agreement remains binding and the defendant will not be allowed to withdraw his plea.  **(Note: remember the additional one point can be given only when the offense level is 16 or above prior to the 2-point reduction for acceptance)  (See USSG §3E1.1, Comment note 6).**

-demand forfeiture of the proceeds of the charge, including but not limited to:  a)  $72,000 in United States Currency; b)  $520.00 in United States Currency; and c)  $2,225.99 in United States Currency.

10.     Both parties have independently reviewed the Sentencing Guidelines applicable in this case, and in their best judgment and belief, conclude as follows:  [OPTIONAL]

A.      The Applicable Offense Level should be determined as follows:

| | |
|---|---|
| USSG § 2B1.1(a)(1) [base offense level]: | 6 |
| USSG § 2B1.1(b)(1) [loss more than $40,000] | +6 |
| USSG § 3B1.3 [position of trust] | +2 |
| USSG § 3E1.1(a) [acceptance] | -2 |
| Total Offense Level: | 12 |

B.      The Criminal History of defendant shall be determined upon completion of the presentence investigation, pursuant to Fed. R. Crim. P. 32(c).  Both parties reserve the right to object to the USSG §4A1.1 calculation of defendant's criminal history.

C.      The foregoing statements of applicability of sections of the
Sentencing Guidelines and the statement of facts are not binding upon the Court.
The defendant understands the Court will independently calculate the Guidelines
at sentencing and defendant may not withdraw the plea of guilty solely because
the Court does not agree with either the statement of facts or Sentencing
Guideline application.

11.     Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742
affords a defendant the right to appeal the sentence imposed.  Unless based on claims of
ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and
voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence
pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack
his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise.

**CRIMINAL FORFEITURE 12-16**

12.      This Agreement is entered into by the United States on the basis of the express
representation of defendant that he is making a full and complete disclosure of all assets over
which he exercises control.    Defendant agrees to the forfeiture of any interest he or his
nominees may have in the proceeds of the violation to which he is pleading guilty, including the
following assets which he owns or over which he exercises control:  a)  $72,000 in United States
Currency; b)  $520.00 in United States Currency; and c)  $2,225.99 in United States Currency.

13.      Defendant acknowledges and agrees that the assets listed above may be forfeited
in an administrative forfeiture proceeding, civil forfeiture proceeding or in criminal forfeiture
proceedings, which is the sole choice of the United States.

14.     By this Agreement, defendant agrees to forfeit all interests in the properties listed in paragraph 13 above and to take whatever steps are necessary to pass clear title to the United States. These steps include but are not limited to surrender of title, the signing of a consent decree, a stipulation of facts regarding the transfer and basis for the forfeitures and signing any other documents necessary to effectuate such transfers.

15.     Defendant agrees to waive any double jeopardy challenges that defendant may have to any administrative or civil forfeiture actions arising out of the course of conduct that provide the factual basis for this Indictment. Defendant further agrees to waive any double jeopardy challenges that defendant may have to the charges in this Indictment based upon any pending or completed administrative or civil forfeiture actions.

16.     Defendant waives and agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed until the cooperation phase has been completed and title to all assets has fully vested in the United States. The reason for such waiver is so that at sentencing the Court will have the benefit of all relevant information.

17.     The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

18.     It is understood that pursuant to Fed. R. Crim. P. 11(c)(1)(B), the recommendations of the United States are not binding on the Court. In other words, the Court is not bound by the sentencing recommendation and defendant will have no right to withdraw his

guilty plea if the Court decides not to accept the sentencing recommendation set forth in this Agreement.

19.     Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors.

20.     This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

JOHN E. KUHN, JR.
United States Attorney

By:

_____
Bryan Calhoun
Assistant United States Attorney

_____
12/10/16
Date

I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_____
Kyle Willett
Defendant

_____
12/2/16
Date

I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____

Counsel for Defendant

_Dec 7, 2016_

Date

JEK:BRC:jb

8